UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE McGINNIS,

                        Petitioner,                    Case No. 2:17-cv-13096
v.                                                     HON. STEPHEN J. MURPHY, III


SHIRLEE HARRY,

                        Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY AND HOLD IN ABEYANCE
PETITION FOR WRIT OF HABEAS CORPUS [2] AND ADMINISTRATIVELY
<u>CLOSING THE CASE</u>**

        The case is brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Leslie

McGinnis was convicted in the Wayne Circuit Court of unarmed robbery and unlawful

imprisonment, for which he is serving a term of 16 years and 8 months to 50 years'

imprisonment. McGinnis's pro se habeas application is poorly drafted and difficult to follow.

It appears to raise at least nine claims: (1) the police used an impermissibly suggestive

identification procedure, (2) the charging documents were defective, (3) the search of

McGinnis's vehicle violated the Fourth Amendment, (4) the prosecutor withheld exculpatory

evidence from the defense, (5) the police violated McGinnis's Fifth Amendment rights in

obtaining a statement from him, (6) McGinnis's confrontation rights were violated by

admission of hearsay at the suppression hearing, (7) McGinnis was denied access to

transcripts during his appeal, (8) McGinnis was erroneously denied discovery and an expert

witness, (9) McGinnis was denied the effective assistance of counsel.

        Presently before the Court is McGinnis's motion to stay the petition (ECF 2) so that

he can exhaust his state court remedies with respect to claims he wishes to raise in this

action that were not presented to the state courts on direct appeal.

**BACKGROUND**

McGinnis claims that, following his conviction and sentence, he filed a direct appeal in the Michigan Court of Appeals. His appellate brief raised claims regarding the failure to suppress evidence, sentencing, sufficiency of the evidence, suggestive identification testimony, and the effectiveness of defense counsel. The Michigan Court of Appeals affirmed McGinnis's convictions in an unpublished opinion. *People v. McGinnis*, No. 320629 (Mich. Ct. App. Sept. 10, 2015). McGinnis subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application on June 1, 2016. *People v. McGinnis*, No. 152558 (Mich. Sup. Ct. June 1, 2016). McGinnis states that on August 25, 2017, he filed a motion for relief from judgment in the trial court raising the habeas claims that were not presented to the state courts during his direct appeal. According to McGinnis, the motion is still pending in the trial court.

**DISCUSSION**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v.*

*Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).

A federal district court has discretion to stay a petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Here, McGinnis's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. McGinnis notes that he filed his motion for relief from judgment with less than one month remaining on the one-year statute of limitations. Dismissal of this case while McGinnis completes exhaustion of his claims could therefore result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while McGinnis completes exhaustion of his state remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by McGinnis in exhausting his state court remedies, this Court will impose time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Tolling is conditioned upon McGinnis diligently pursuing relief in the state courts by pursuing timely appeals in the state court of his motion for relief from judgment, and then returning to federal court within sixty (60) days of completing the exhaustion of his state post-conviction remedies. *Cf. Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to stay [2] is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of state post-conviction review proceedings. This tolling is conditioned upon McGinnis timely appealing the denial of his motion for relief from judgment through the Michigan appellate courts and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 3, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager