UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE MCGINNIS,

    Petitioner,

Case No. 2:17-cv-13096

HONORABLE STEPHEN J. MURPHY, III

v.

SHIRLEE HARRY,

    Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION [12] AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Leslie McGinnis petitioned pro se for the writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. In 2017, the Court held the petition in abeyance and administratively closed the case pending the completion of state postconviction proceedings. ECF 6. Petitioner later filed several letters with the Court that seemed to assert that Plaintiff had exhausted his state court remedies and wished to reopen the case. *See* ECF 7–10. One letter included what looked like an amended petition. *See* ECF 9, PgID 194–292. The Court therefore entered an order reopening the case. ECF 11.

Shortly after, Petitioner moved for reconsideration. ECF 12, PgID 325. Petitioner explained that he did not intend to reopen the case; he was merely informing the Court about his difficulties in state court. *Id.* Petitioner also informed the Court that a successive motion for relief from judgment is still pending in state court, and he has not exhausted his state court remedies. *Id.* at 325–26. Because the

1

Court inadvertently misconstrued Petitioner's letters, the Court will grant that part of Petitioner's motion, and hold the petition in abeyance and administratively close his case.

Finally, Petitioner also asked the Court to order Respondent to address his argument about insufficient evidence at his trial. *Id.* at 332. But the Court will deny Petitioner's request because the case is administratively closed. Petitioner should complete the state court process before seeking relief from the Court. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674, at *1 (E.D. Mich. Dec. 20, 2007) ("[S]tate courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court.").

**WHEREFORE**, it is hereby **ORDERED** that the order reopening the case [11] is **VACATED**, and the order staying the case [7] is **REINSTATED**. The petition for writ of habeas corpus will be held in abeyance pending completion of state postconviction review proceedings. The tolling is conditioned on Petitioner timely appealing any denial of his motion for relief from judgment through the Michigan appellate courts and then refiling his habeas petition—using the case number already assigned to this case—within sixty days after the state court postconviction proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY CLOSE** the case. Nothing in the order will be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

2

**IT IS FURTHER ORDERED** that on receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
